1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| JIN ZHU,<br><br>                    Plaintiff,<br><br>   v.<br><br>NORTH CENTRAL<br>EDUCATIONAL SERVICE<br>DISTRICT – ESD 171,<br><br>                    Defendant. | **NO. 2:15-cv-183-JLQ**<br><br>PLAINTIFF'S PROPOSED<br>JURY INSTRUCTIONS |

Plaintiff submits the proposed jury instructions which are attached to this pleading as Exhibit A.

PLAINTIFF'S PROPOSED
JURY INSTRUCTIONS - 1

DATED this August 1, 2016.

*s/ Matt Crotty*
Matthew Z. Crotty, WSBA 39284
Crotty & Son Law Firm, PLLC
905 W. Riverside Ave. Ste. 409
Spokane, WA  99201
Telephone:  509-850-7011

PLAINTIFF'S PROPOSED
JURY INSTRUCTIONS - 2

## CERTIFICATE OF SERVICE

I certify that on August 1, 2016 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system. All other parties, if any, shall be served in accordance with the Federal Rules of Civil Procedure.

Dated this August 1, 2016.

*/s Matthew Crotty*
MATTHEW Z. CROTTY
Crotty & Son Law Firm, PLLC
905 West Riverside, Suite 409
Spokane, WA 99201
Telephone: 509.850.7011

PLAINTIFF'S PROPOSED
JURY INSTRUCTIONS - 3

# EXHIBIT A

**Jin Zhu**

**v.**

**North Central ESD 171**


**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

## INSTRUCTION NO. 1

### DUTY OF JURY (COURT READS AND
### PROVIDES WRITTEN INSTRUCTIONS)

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law. These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set throughout the trial to which to refer. This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, I will give you a final set of instructions. It is the final set of instructions which will govern your deliberations. You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be. It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

_____

Ninth Circuit Model Jury Instruction 1.1A

## INSTRUCTION NO. 2

### DUTY OF JURY (COURT READS INSTRUCTIONS ONLY)

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law. You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so. In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

_____

Ninth Circuit Model Jury Instruction 1.1B

## INSTRUCTION NO. 3

### DUTY OF JURY (COURT READS AND PROVIDES
### WRITTEN INSTRUCTIONS AT END OF CASE)

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case. Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations. You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be. It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so. In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

_____

Ninth Circuit Model Jury Instruction 1.1C

## INSTRUCTION NO. 4

## CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff claims (a) that ESD 171 retaliated against him by not hiring him on account of the race discrimination lawsuit he filed against his former employer, the Waterville School District, (b) that ESD 171 did not hire him on account of his race, (c) that ESD 171 blacklisted plaintiff by telling other school districts in the area not to hire him, and (d) that ESD 171 violated Washington's Public Record Act by failing to disclose, to plaintiff, ESD 171's affirmative action policies and procedures. The plaintiff has the burden of proving these claims.

The defendant has the burden of proof on these [*counterclaims and/or affirmative defenses.*] Defendants assert [TO BE INSERTED]

_____

Ninth Circuit Model Jury Instruction 1.2

## INSTRUCTION NO. 5

### BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

_____

Ninth Circuit Model Jury Instruction 1.3

## INSTRUCTION NO. 6

### WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits which are received into evidence; and

3. any facts to which the lawyers have agreed.

_____

Ninth Circuit Model Jury Instruction 1.6

## INSTRUCTION NO. 7

### WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you: (1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, [will say in their] closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls. (2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. (3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I [give] [have given] a limiting instruction, you must follow it. (4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

_____

Ninth Circuit Model Jury Instruction 1.7

## INSTRUCTION NO. 8

### DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide an explanation for the water on the sidewalk.

Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.  You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

_____

Ninth Circuit Model Jury Instruction 1.9 (including illustrative comment to Inst 1.9)

## INSTRUCTION NO. 9

### RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been. Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

_____

Ninth Circuit Model Jury Instruction 1.10

## INSTRUCTION NO. 10

### CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it. In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

_____

Ninth Circuit Model Jury Instruction 1.11

## INSTRUCTION NO. 11

### CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case. Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case.

But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may    consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who

violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

_____

Ninth Circuit Model Jury Instruction 1.12

## INSTRUCTION NO. 12

### NO TRANSCRIPT AVAILABLE TO JURY

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given. If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

_____

Ninth Circuit Model Jury Instruction 1.13

## INSTRUCTION NO. 13

### DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The deposition of [*name of witness*] was taken on [*date*]. Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

_____

Ninth Circuit Model Jury Instruction 2.4

**INSTRUCTION NO. 14**

TAKING NOTES

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room]. No one will read your notes. They will be destroyed at the conclusion of the case.

_____

Ninth Circuit Model Jury Instruction 1.14

## INSTRUCTION NO. 15

### OUTLINE OF TRIAL

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement. The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine. After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments. After that, you will go to the jury room to deliberate on your verdict.

_____

Ninth Circuit Model Jury Instruction 1.19

## INSTRUCTION NO. 16

LIABILITY OF CORPORATIONS – SCOPE OF AUTHORITY NOT IN ISSUE

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

_____

Ninth Circuit Model Jury Instruction 4.2.

# INSTRUCTION NO. 17

## USE OF INTERROGATORIES OF A PARTY

Evidence was presented to you in the form of answers that defendants gave to written interrogatories that were submitted by Mr. Zhu. These answers were given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

_____

Ninth Circuit Model Instruction 2.10.

## INSTRUCTION NO. 18

### USE OF REQUESTS FOR ADMISSION OF A PARTY

Evidence was presented to you in the form of admissions that defendants made to written questions that were submitted by Mr. Zhu. These admissions were given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures. You should consider the answers, insofar as possible, in the same way as if the defendant was testifying on the witness stand.

_____

Ninth Circuit Model Instruction 2.03.

## INSTRUCTION NO. 19

### STIPULATIONS OF FACT

The parties have agreed to certain facts to be placed in evidence. You should therefore treat these facts as having been proved.

_____

Ninth Circuit Model Instruction 2.02; As modified to state that it will be given to the jury as opposed to read to the jury.

## INSTRUCTION NO. 20

### PLANTIFF'S THEORY OF THE CASE

Mr. Zhu claims that ESD 171 failed to hire him in retaliation for a Title VII race discrimination lawsuit he filed against his former employer, Waterville School District. Title VII exists to eliminate workplace discrimination and deter other employers from engaging in workplace discrimination. The U.S. Supreme Court states that a private citizen who seeks redress under Title VII not only redresses his own injury but also vindicates the important congressional policy against discriminatory employment practices. An employer may not refuse to hire, fire, demote, harass or otherwise "retaliate" against an individual for opposing discrimination. The same laws that prohibit discrimination based on race, color, sex, religion, national origin, age, and disability, as well as wage differences between men and women performing substantially equal work, also prohibit retaliation against individuals who oppose unlawful discrimination or participate in an employment discrimination proceeding. Mr. Zhu also claims that ESD 171 did not hire him on account of his race and blacklisted him by telling other school districts not to hire him. Mr. Zhu brings claims under federal and state law which prohibit both race discrimination and retaliation and state law that prohibits blacklisting. Those state and federal laws apply to whites and non-whites.

Authority: <u>Facts about Retaliation</u> *available at*
https://www.eeoc.gov/laws/types/facts-retal.cfm (last visited July 25, 2016);
*McKennon v. Nashville Banner Pub. Co.,* 513 U.S. 352, 358 (1995); *McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 295 (1976); RCW 49.60.030.

## INSTRUCTION NO. 21

### FEDERAL RETALIATION CLAIM

Mr. Zhu claims that ESD 171 discriminated against him because of Mr. Zhu's Title VII lawsuit against Waterville.

To prevail on this claim, Mr. Zhu must prove all of the following by a preponderance of the evidence:

First: Mr. Zhu engaged in protected activity by filing a Title VII lawsuit against Waterville.

Second: Mr. Zhu was subjected to a materially adverse action at the time, or after, the protected conduct took place.

Third: Mr. Zhu's lawsuit against Waterville was a motivating factor in ESD 171's decision not to hire him for the Math Science or Refurbishment job.

————

3rd Circuit Model Instruction 6.1.6 *available at* http://www.ca3.uscourts.gov/sites/ca3/files/6_Chap_6_2014_fall.pdf (last visited July 25, 2016); *Zhang v. Am. Gem Seafoods, Inc.,* 339 F.3d 1020, 1029 (9th Cir. 2003)(motivating factor applicable under § 1981); *Peterson v. Nat'l Sec. Techs., LLC,* No. 12-CV-5025-TOR, 2013 WL 1758857, at *10 (E.D. Wash. Apr. 24, 2013)("Plaintiff's retaliation claim under the WLAD is identical in all material respects to his § 1981 claim, with two exceptions: (1) Plaintiff must prove that his protected activity was a "substantial factor" (as opposed to a "motivating factor") in Defendant's adverse employment action; and (2) the "same decision" affirmative defense is not available to Defendant.").

## PLAINTIFF INSTRUCTION NO. 22

### STATE RETALIATION CLAIM

It is unlawful for an employer to retaliate against a person for opposing what the person reasonably believed to be discrimination on the basis of participating in a proceeding to determine whether race discrimination or retaliation occurred.

To establish a claim of unlawful retaliation by ESD 171 Mr. Zhu has the burden of proving each of the following propositions:

(1) That Mr. Zhu was participating in a proceeding to determine whether discrimination or retaliation had occurred; and

(2) That a substantial factor in the decision to not hire Mr. Zhu was the plaintiff's participating in a proceeding to determine whether discrimination or retaliation had occurred.

If you find from your consideration of all of the evidence that each of these propositions has been proved, then your verdict should be for Mr. Zhu on this claim. On the other hand, if any one of these propositions has not been proved, your verdict should be for ESD 171 on this claim.

Mr. Zhu does not have to prove that his participation in the proceeding was the only factor or the main factor in ESD 171's decision, nor does Mr. Zhu have to prove that he would not have been denied the jobs for which he applied but for his participation.

_____

Authority: WPI 330.05 as modified.

## INSTRUCTION NO. 23

### SUBSTANTIAL FACTOR

"Substantial factor" means a significant motivating factor in bringing about the employer's decision. "Substantial factor" does not mean the only factor or the main factor in the challenged act or decision.

___

Authority: WPI 330.01.01

## INSTRUCTION NO. 24

### FEDERAL RACE DISCRIMINATION CLAIM

In this case Mr. Zhu is alleging that ESD 171 refused to hire him for the Math Science Specialist and Regional Science Refurbishment jobs.  In order for Mr. Zhu to recover on this discrimination claim against ESD 171 Mr. Zhu must prove that ESD 171 intentionally discriminated against Mr. Zhu. This means that Mr. Zhu must prove that his race was a motivating factor in ESD 171's decisions not to hire him.

To prevail on this claim, Mr. Zhu must prove both of the following by a preponderance of the evidence:

First: ESD 171 failed to hire Mr. Zhu.

Second: Mr. Zhu's race was a motivating factor in ESD 171's decision.

Although Mr. Zhu must prove that ESD 171 acted with the intent to discriminate, Mr. Zhu is not required to prove that ESD 171 acted with the particular intent to violate Mr. Zhu's federal civil rights.

In showing that Mr. Zhu's race was a motivating factor for ESD 171's action, Mr. Zhu is not required to prove that his race was the sole motivation or even the primary motivation for ESD 171's decision. Mr. Zhu need only prove that his race played a motivating part in ESD 171's decision even though other factors may also have motivated ESD 171.

As used in this instruction, Mr. Zhu's race was a "motivating factor" if his race played a part in ESD 171's decision to not hire Mr. Zhu.
.

_____

3rd    Circuit    Model    Instruction    6.1.1    *available    at* http://www.ca3.uscourts.gov/sites/ca3/files/6_Chap_6_2014_fall.pdf    (last    visited July 25, 2016). *Zhang v. Am. Gem Seafoods, Inc.,* 339 F.3d 1020, 1029 (9th Cir. 2003)(motivating factor applicable under § 1981).

## INSTRUCTION NO. 25

STATE RACE DISPARATE TREATMENT DISCRIMINATION CLAIM

Discrimination in employment on the basis of race is prohibited.

To establish his "disparate treatment claim," Mr. Zhu has the burden of proving each of the following propositions:

(1) That ESD 171 did not hire Mr. Zhu and

(2) That Mr. Zhu's race was a substantial factor in ESD 171's decision to not hire

If you find from your consideration of all the evidence that each of the propositions stated above has been proved, your verdict should be for Mr. Zhu on this claim. On the other hand, if either of the propositions has not been proved, your verdict should be for ESD 171 on this claim.

—

Authority: WPI 330.01

## INSTRUCTION NO. 26

### STATE RACE DISPARATE IMPACT DISCRIMINATION CLAIM

To recover on his claim of discrimination based on disparate impact, Mr. Zhu has the burden of proving the following proposition:

(1) ESD 171 engaged in a practice that has a disparate impact on individuals of a particular race. Mr. Zhu can meet his burden by showing that either an overall selection process or a given practice has a disparate impact.

On this claim, Mr. Zhu does not have to prove that ESD 171 intended to discriminate on the basis of race or treat individuals of Mr. Zhu's race more harshly than others.

If Mr. Zhu has failed to prove proposition (1), then your verdict should be for ESD 171 on this claim

If Mr. Zhu has proved proposition (1), then ESD 171 has the burden of producing evidence on the following proposition, that:

(2) The practice is an accurate measure of ability to perform fundamental requirements of the job. ESD 171 must use professionally accepted means to prove this.

If Mr. Zhu has proved proposition (1) and ESD 171 has failed to produce evidence as to proposition (2), then your verdict should be for Mr. Zhu on this claim.

If Mr. Zhu has proved proposition (1) and ESD 171 has produced evidence as to proposition (2), then Mr. Zhu has the burden of proving that:

(3) There are other equally suitable alternatives that do not have as harsh an impact on individuals of Mr. Zhu's race.

If Mr. Zhu has proved proposition (1) and ESD 171 has produced evidence as to proposition (2), and Mr. Zhu has then failed to prove proposition (3), then your verdict should be for ESD 171 on this claim. If Mr. Zhu has proved proposition (3), then your verdict should be for Mr. Zhu on this claim.

___

Authority: WPI 330.03

## INSTRUCTION NO. 27

BLACKLISTING

A company cannot willfully and maliciously make or issue any statement or paper that will tend to influence or prejudice the mind of any employer against the person of such person seeking employment.

To prevail on his blacklisting claim Mr. Zhu must establish (1) that is can reasonably be inferred that ESD 171 willfully and maliciously made a statement to a prospective employer of Mr. Zhu; and, (2) that statement would tend to influence (or actually influence) the prospective employer.

Authority: *Moore v. Commercial Aircraft Interiors, LLC,* 168 Wash. App. 502, 515 (2012).

## INSTRUCTION NO. 28

### PUBLIC RECORD ACT CLAIM

Washington's Public Record Act is a strongly worded mandate for broad disclosure of public records standing for the proposition that complete access to information concerning government conduct must be assured as a fundamental and necessary precondition to the sound governance of a free society.

When confronted with a public record request a government agency must make an adequate search that is reasonably calculated to uncover all relevant documents. An agency cannot limit its search to only one record system if there are others that are likely to turn up the information requested. An adequate response to a PRA request where records are not disclosed should explain both the places searched and the adequacy of the search as the Public Records Act clearly and emphatically prohibits silent withholding of records by a government agency. If the government agency is confused about the meaning of a citizen's public record request then the agency must seek clarification from the citizen about the meaning of the citizen's request.

To prevail on his Public Record Act claim Mr. Zhu must establish:

1. Mr. Zhu made a public record request to ESD 171.
2. ESD 171 did not seek clarification from Mr. Zhu as to the meaning Mr. Zhu's public record request; or,
3. ESD 171 did not tell Mr. Zhu where it searched for the records Mr. Zhu requested.

_____

Authority: *Neighborhood All. of Spokane Cty. v. Cty. of Spokane,* 172 Wn.2d 702, 727 (2011).

# INSTRUCTION NO. 29

## PUBLIC RECORD ACT DAMAGES

Any person who prevails against an agency in an action seeking the right to inspect or copy public records or the right to receive a response to a public record request in a timely manner is entitled to an award of not less than $5 and not more than $100 for each day he or she was denied the right to inspect or copy the record. When determining the amount of a PRA penalty, the existence or absence of an agency's bad faith is the principal factor considered by the trial court. Generally speaking, the penalty is increased based on an agency's culpability.

Mitigating factors that may decrease an agency's culpability include:

(1) a lack of clarity in the PRA request; (2) the agency's prompt response or legitimate follow-up inquiry for clarification; (3) the agency's good faith, honest, timely, and strict compliance with all PRA procedural requirements and exceptions; (4) proper training and supervision of the agency's personnel; (5) the reasonableness of any explanation for noncompliance by the agency; (6) the helpfulness of the agency to the requestor; and (7) the existence of agency systems to track and retrieve public records.

Aggravating factors include:

(1) a delayed response by the agency, especially in circumstances making time of the essence; (2) lack of strict compliance by the agency with all the PRA procedural requirements and exceptions; (3) lack of proper training and supervision of the agency's personnel; (4) unreasonableness of any explanation for noncompliance by the agency; (5) negligent, reckless, wanton, bad faith, or intentional noncompliance with the PRA by the agency; (6) agency dishonesty; (7) the public importance of the issue to which the request is related, where the importance was foreseeable to the agency; (8) any actual personal economic loss to the requestor resulting from the agency's misconduct, where the loss was foreseeable to the agency; and (9) a penalty amount necessary to deter future misconduct by the agency considering the size of the agency and the facts of the case.

_____

Authority: *Zink v. City of Mesa,* 162 Wash. App. 688, 702 (2011).

## INSTRUCTION NO. 30

### CIRCUMSTANTIAL EVIDENCE IN EMPLOYMENT CASES

Courts have noted that employment discrimination is seldom open and notorious. A plaintiff, like Mr. Zhu, can establish discrimination by the following pieces of circumstantial evidence: (a) closeness in time between the protected activity and the adverse employment action or (b) statistics establishing the underrepresentation of minorities in the subject workforce or (c) deviations from rules, practices, or contracts or (d) inconsistencies/shifting reasons, (e) or showing that plaintiff's job qualifications were superior to that of the successful applicant, or (f) dissimilar treatment of similarly situated applicants.

Authority: *McGinest v. GTE Service Corp.,* 360 F.3d 1103, 117 n. 10 (9th Cir. 2004)(discrimination seldom open and notorious). *Stegall v. Citadel Broad. Co.,* 350 F.3d 1061, 1066 (9th Cir. 2003) (circumstantial evidence dispositive in all employment discrimination cases); *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.,* 429 U.S. 252, 266 (1977); *Yartzoff v. Thomas,* 809 F.2d 1371, 1376 (9th Cir. 1987)(proximity in time); *Diaz v. Am. Tel. & Tel.*, 752 F.2d 1356, 1363 (9th Cir. 1985)(statistics); *Porter v. California Dep't of Corr.,* 383 F.3d 1018, 1026 (9th Cir. 2004)(deviation from workplace rules); *France v. Johnson*, 795 F.3d 1170, 1175 (9th Cir. 2015)(inconsistencies); *Raad v. Fairbanks N. Star Borough Sch. Dist.*, 323 F.3d 1185, 1194 (9th Cir. 2003)(superior job qualifications).

## INSTRUCTION NO. 31

### DISCRIMINATION & RETALIATION & BLACKLISTING DAMAGES

It is the duty of the court to instruct you as to the measure of damages. By instructing you on damages, the court does not mean to suggest for which party your verdict should be rendered.

If your verdict is for the plaintiff on one or more claims, you must determine the amount of money that will reasonably and fairly compensate plaintiff for such damages as you find were proximately caused by the retaliatory, discriminatory, or blacklisting acts of the defendant.

In determining the measure of damages, you should consider the following elements:

1. Wages and benefits lost, if any, from June 19, 2012 to September 16, 2016;

2. The reasonable value of future loss of wages and benefits, if any, for a reasonable period after September 16, 2016;

3. The physical harm to plaintiff; and,

4. The emotional harm to the plaintiff caused by the defendant's wrongful conduct, including loss of enjoyment of life, humiliation, pain and suffering, personal indignity, embarrassment, fear, anxiety, and/or anguish, experienced and with reasonable probability to be experienced by the plaintiff in the future.

The burden of proving damages rests with the party claiming them, and it is for you to determine, based on the evidence, whether any particular element has been proved by a preponderance of the evidence. Any award of damages must be based upon the evidence and not upon speculation, guess or conjecture. The law has not furnished us with any fixed standards by which to measure loss of enjoyment of life, humiliation, pain and suffering, personal indignity, embarrassment, fear, anxiety, and/or anguish. With reference to these matters, you must be governed by your own judgment, by the evidence in the case, and by these instructions.

In determining damages for defendant's violation of the Public Record Act refer to instruction No. _____.
____

Authority: WPI 330.81

## INSTRUCTION NO. 32

### FUTURE LOST EARNINGS

In calculating damages for future wage loss you should determine the present cash value of salary, pension, and other fringe benefits from today until the time the plaintiff may reasonably be expected to retire or fully recover from the continuing effects of the discrimination, decreased by any projected future earnings from another employer.

_____

Authority: WPI 330.82.

## INSTRUCTION NO. 34

### MITIGATION

The plaintiff, Mr. Zhu, has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

To establish a failure to mitigate, defendant, ESD 171, has the burden of proving:

(1) There were openings in comparable positions available for plaintiff elsewhere after defendant refused to hire him

(2) Plaintiff failed to use reasonable care and diligence in seeking those openings; and

(3) The amount by which damages would have been reduced if plaintiff had used reasonable care and diligence in seeking those openings.

You should take into account the characteristics of the plaintiff and the job market in evaluating the reasonableness of the plaintiff's efforts to mitigate damages.

If you find that the defendant has proved all of the above, you should reduce your award of damages for wage loss accordingly.

Authority: WPI 330.83

## INSTRUCTION NO. 35

### PUNITIVE DAMAGES – FEDERAL CLAIMS

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct, including whether the conduct that harmed the plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case. You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiff in this case.

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.  Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.

_____

Authority: 9th Circuit Model Jury Instruction 5.5 *available at* http://www3.ce9.uscourts.gov/juryinstructions/sites/default/files/WPD/Civil_Instructions_2016_6.pdf (last visited July 25, 2016); *Swinton v. Potomac Corp.*, 270 F.3d 794, 817 (9th Cir.2001); *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1041 (9th Cir. 2003).

## INSTRUCTION NO. 36

### NOMINAL DAMAGES – FEDERAL CLAIMS

If you return a verdict for Mr. Zhu but Mr. Zhu has failed to prove actual injury and therefore is not entitled to compensatory damages, then you must award nominal damages of $ 1.00. A person whose federal rights were violated is entitled to a recognition of that violation, even if [he/she] suffered no actual injury. Nominal damages (of $1.00) are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred.

However, if you find actual injury, you must award compensatory damages (as I instructed you), rather than nominal damages.

_____

Authority: 3rd Circuit Model Jury Instruction 6.4.5 *available at* http://www.ca3.uscourts.gov/sites/ca3/files/6_Chap_6_2014_fall.pdf (last visited July 25, 2016).