**HON. JUSTIN L. QUACKENBUSH**

Jerry J. Moberg
Jerry Moberg & Associates, P.S.
P.O. Box 130 – 124 3rd Avenue S.W.
Ephrata, WA 98823
jmoberg@jmlawps.com
(509) 754-2356
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JIN ZHU,<br><br>                     Plaintiff,<br><br>  v.<br><br>NORTH CENTRAL EDUCATIONAL<br>SERVICE DISTRICT – ESD # 171,<br><br>             Defendant. | NO. 2:15-CV-183 JLQ<br><br>**DEFENDANT'S PROPOSED<br>JURY INSTRUCTIONS** |

COMES NOW Defendant North Central Educational Service District # 171 (the District), by and through counsel, and submits the District's proposed jury instructions.

Each citation to the Ninth Circuit Manual of Model Jury Instructions: Civil (2007 ed.) is referred to as "9th Circuit Model Instruction."

DATED this 1st day of August, 2016.

JERRY MOBERG & ASSOCIATES, P.S.

s/ Jerry J. Moberg
JERRY J. MOBERG, WSBA No. 5282
Attorneys for Defendant No. Central ESD # 171

T:\WPWIN\North Central ESD\Zhu v North Central ESD #171 (USIP)\Pleadings - Misc\370534.doc
DEFENDANT'S PROPOSED JURY INSTRUCTIONS
Page 1 of 41

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ❖124 3rd Ave S.W.
Ephrata, WA 98823
(509) 754-2356 / Fax (509) 754-4202

# PROPOSED COVER SHEET

## IN THE UNITED STATES DISRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGON

| | | |
|---|---|---|
| ZIN ZHU, | ) | |
| | ) | No. 2:15-CV-183 JLQ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NORTH CENTRAL EDUCTIONAL | ) | |
| SERVICE DISTRICT # 171, | ) | |
| | ) | |
| Defendant. | ) | |

## JURY INSTRUCTIONS

DATED this ___ day of August, 2016.

_____

HON. JUSTIN L. QUACKENBUSH
UNITED STATES DISTRICT JUDGE

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ✥124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

1

### INSTRUCTION NO. 1 (ORAL INSTRUCTION)

2

3

Members of the Jury:  Now that you have heard all of the evidence and the

4

arguments of the attorneys it is my duty to instruct you as to the law of the case.

5

Each of you has received a copy of these instructions that you may take with

6

you to the jury room to consult during your deliberations.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

(9th Circuit Model Instruction 1.1C.)

24

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ❖124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

# INSTRUCTION NO. 2

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The Plaintiff claims that he was not hired for the position of Math-Science Specialist and the position of Regional Science Refurbishment Specialist due to racial and national origin discrimination on the part of the Defendant. The Plaintiff also claims that he was not hired for certain teaching positions with other school districts due to "blacklisting" by the Defendant. The Plaintiff also claims that the Defendant violated the Washington State Public Records Act by failing to provide him with copies of the District's affirmative action policies. The Plaintiff has the burden of proving these claims.

The Defendant denies those claims.

(9th Circuit Model Instruction 1.2)

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ❖124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

1

2

**INSTRUCTION NO. 3**

3

When a party as the burden of proof on any claim by a preponderance of the

4

evidence, it means you must be persuaded by the evidence that the claim is more

5

probably true than not true.

6

You should base your decision on all of the evidence, regardless of which

7

party presented it.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

(9th Circuit Model Instruction No. 1.3.)

24

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ❖ 124 3rd Ave S.W.
Ephrata, WA 98823
(509) 754-2356 / Fax (509) 754-4202

# INSTRUCTION NO. 4

The evidence you are to consider in deciding what the facts are consists of:

1.      The sworn testimony of any witness;

2.      The exhibits which are received into evidence; and

3.      Any facts to which the lawyers have agreed.

(9th Circuit Model Instruction No. 1.6.)

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ❖124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

# INSTRUCTION NO. 5

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

1.     Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.     Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.     Testimony that has been excluded or stricken or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

4.     Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ❖124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

1  (9th Circuit Model Instruction No. 1.7.)

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ❖124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

# INSTRUCTION NO. 6

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

(9th Circuit Model Instruction No. 1.9.)

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ✢124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

1

2

**INSTRUCTION NO. 7**

3

4    There are rules of evidence that control what can be received into evidence.

5    When a lawyer asks a question or offers an exhibit into evidence and a lawyer on

6    the other side thinks that it is not permitted by the rules of evidence, that lawyer

7    may object. If I overrule the objection, the question may be answered or the exhibit

8    received. If I sustain the objection, the question cannot be answered, and the

9    exhibit cannot be received. Whenever I sustain an objection to a question, you

10   must ignore the question and must not guess what the answer might have been.

11   Sometimes I may order that evidence be stricken from the record and that

12   you disregard or ignore that evidence. That means when you are deciding the case,

13   you must not consider the evidence that I told you to disregard.

14

15

16

17

18

19

20

21

22

23   (9th Circuit Model Instruction No. 1.10.)

24

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ✤124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

# INSTRUCTION NO. 8

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

1.    The opportunity and ability of the witness to see or hear or know the things testified to;

2.    The witness's memory;

3.    The witness's manner while testifying;

4.    The witness's interest in the outcome of the case and any bias or prejudice;

5.    Whether other evidence contradicted the witness's testimony;

6.    The reasonableness of the witness's testimony in light of all the evidence; and

7.    Any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

(9th Circuit Model Instruction No. 1.11.)

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ❖124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

# INSTRUCTION NO. 9

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all of the other evidence in the case.

(9th Circuit Model Instruction No. 2.11.)

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ✥ 124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

# INSTRUCTION NO. 10

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

(9th Circuit Model Instruction No. 3.1.)

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ❖124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

## INSTRUCTION NO. 11

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

(9th Circuit Model Instruction No. 3.2.)

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ❖124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

1

## INSTRUCTION NO. 12

A verdict form has been prepared for you.   After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the Court that you are ready to return to the courtroom.

(9th Circuit Model Instruction No. 3.3.)

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ❖124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

1

## INSTRUCTION NO. 13

All parties are equal before the law and a municipal corporation such as an educational service district is entitled to the same fair and conscientious consideration by you as any party.

(9th Circuit Model Instruction 4.1 – as revised.)

# INSTRUCTION NO. 14

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the Plaintiff on the Plaintiff's claim for employment discrimination, you must determine the Plaintiff's damages.  The Plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the Plaintiff for any injury you find that was caused by the Defendant.  You should consider the following:

1.    The Plaintiff's mental and emotional pain and suffering.

2.    The Plaintiff's past lost earnings and future lost earnings.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

(9th Circuit Model Instruction 5.1.)  [NOTE – The words "and future lost earnings should be omitted if the Plaintiff does not present evidence on present cash value.]

T:\WPWIN\North Central ESD\Zhu v North Central ESD #171 (USIP)\Pleadings - Misc\370534.doc
DEFENDANT'S PROPOSED JURY INSTRUCTIONS
Page 17 of 41

*Jerry Moberg & Associates, P.S.*
P.O. Box 130 ❖124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

# INSTRUCTION NO. 15

In determining the measure of damages, you should consider:

The nature and extent of the injuries.

The mental and emotional pain and suffering experienced and which with reasonable probability will be experienced in the future.

The reasonable value of earnings lost to the present time.

The reasonable value of earnings which with reasonable probability will be lost in the future.

(9th Circuit Model Instruction No. 5.2.)  [NOTE – Wording on future lost earnings should be omitted if the Plaintiff does not present evidence on present cash value.]

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ❖124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

# INSTRUCTION NO. 16

Any award for future economic damages must be for the present cash value of those damages.

Noneconomic damages such as pain and suffering are not reduced to present cash value.

Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find the damages would have been received.

The rate of return to be applied in determining present cash value should be the interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill.  You should also consider decreases in the value of money which may be caused by future inflation.

(9th Circuit Model Instruction No. 5.4.)  [NOTE – This proposed instruction should be omitted if the Plaintiff does not present evidence on present cash value.]

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ✤124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

**INSTRUCTION NO. 17**

The Plaintiff brings his federal employment discrimination claim under a federal statute, 42 U.S.C. § 1983, which provides that any person who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

(9th Circuit Model Instruction No. 9.1 – as revised.)

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ❖124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

**INSTRUCTION NO. 18**

In order to prevail on his § 1983 claim against the Defendant, the Plaintiff must prove each of the following elements:

1.      The Defendant acted under color of law; and

2.      The acts of the Defendant deprived the Plaintiff of his particular rights under the laws of the United States as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation.

If you find the Plaintiff has proved each of these elements, and if you find that the Plaintiff has proved all of the elements he is required to prove under Instruction No. ___ , your verdict should be for the Plaintiff.  If, on the other hand, the Plaintiff has failed to prove any one or more of these elements, your verdict should be for the Defendant.

(9th Circuit Model Instruction No. 9.2 – as revised.)

T:\WPWIN\North Central ESD\Zhu v North Central ESD #171 (USIP)\Pleadings - Misc\370534.doc
DEFENDANT'S PROPOSED JURY INSTRUCTIONS
Page 21 of 41

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ❖124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

# INSTRUCTION NO. 19

In order to prevail on his § 1983 claim against the Defendant alleging liability based on an official policy, practice, or custom, the Plaintiff must prove each of the following elements by a preponderance of the evidence:

1.      [Name of the Defendant's official or employee] acted under color of law;

2.      The acts of [name of the Defendant's official or employee] deprived the Plaintiff of his particular rights under the laws of the United States; and

3.      [Name of the Defendant's official or employee] acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the Defendant.

A person acts "under color of law" when the person acts or purports to act in the performance of any state, county, or municipal law, ordinance or regulation.

"Official policy" means a rule or regulation promulgated, adopted, or ratified by the Defendant North Central ESD # 171.

"Practice or custom" means any permanent, wide-spread, well-settled practice or custom that constitutes a standard operating procedure of the Defendant North Central ESD # 171.

If you find the Plaintiff has proved each of these elements, and if you find that the Plaintiff has proved all of the elements he is required to prove under

*Jerry Moberg & Associates, P.S.*
P.O. Box 130 ❖124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

Instruction No. ____, your verdict should be for the Plaintiff.  If, on the other hand, the Plaintiff has failed to prove any one or more of these elements, your verdict should be for the Defendant.

(9th Circuit Model Instruction No. 9.4 – as revised.) [NOTE – The Plaintiff should be required to name the specific official or employee of the Defendant.]

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ❖124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

# INSTRUCTION NO. 20

In order to establish that the acts of an employee of the Defendant deprived the Plaintiff of his particular rights under the laws of the United States as explained in later instructions, the Plaintiff must prove by a preponderance of the evidence that the acts were so closely related to the deprivation of the Plaintiff's rights as to be the moving force that caused the ultimate injury.

(9th Circuit Model Instruction No. 9.8.)

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ❖124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

1

## INSTRUCTION NO. 21

The Plaintiff has brought a claim of employment discrimination against the Defendant.  The Plaintiff claims that his race and national origin was either the sole reason or a motivating factor for the Defendant's decision to not hire the Plaintiff. The Defendant denies that the Plaintiff's race and national origin was either the sole reason or a motivating factor for the Defendant's decision to not hire the Plaintiff and further claims the decision to not hire the Plaintiff was based upon lawful reasons.

(9th Circuit Model Instruction No. 10.1A.)

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ✦124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

1

## INSTRUCTION NO. 22

No job applicant is entitled to a position, even though the applicant may be a member of a minority.    Rather, any applicant is entitled to a selection process which is nondiscriminatory because of race and national origin.

(*Logan v. St. Luke's Hosp. Center,* 428 F.Supp. 127, 130 (S.D.N.Y. 1977).)

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ✥124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

1

## INSTRUCTION NO. 23

2

The selection of an employee in the first instance is for the employer and the

3

employer's decision as to which applicant is the most qualified need only have a

4

reasonable basis in fact.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

(*Logan v. St. Luke's Hosp. Center,* 428 F.Supp. 127, 131 (S.D.N.Y. 1977).)

24

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ✤124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

# INSTRUCTION NO. 24

In order to prevail on his § 1981 claim against the Defendant, the Plaintiff must prove by a preponderance of the evidence that the Defendant intentionally discriminated against him on account of his race and national origin.

(*Evans v. McKay,* 869 F.2d 1341, 1345 (9th Cir. 1989).)

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ✥124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

1

## INSTRUCTION NO. 25

2

3          The Plaintiff brings his state employment discrimination claim under a state

4    statute, RCW Ch. 49.60.180(1), which provides that it is an unfair practice for an

5    employer to refuse to hire any person on the basis of the person's national original

6    and race.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23    (RCW 49.60.180(1).)

24

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ❖124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

**INSTRUCTION NO. 26**

As to the Plaintiff's state employment discrimination claim, discrimination in employment on the basis of national origin and race is prohibited.

To establish his "disparate treatment claim," the Plaintiff has the burden of proving each of the following propositions:

1.      That the Defendant did not hire the Plaintiff; and

2.      That the Plaintiff's national origin and race was a substantial factor in the Defendant's decision not to hire.

If you find from your consideration of all the evidence that each of the propositions stated above has been proved, your verdict should be for the Plaintiff on this claim.  On the other hand, if either of the propositions has not been proved, your verdict should be for the Defendant on this claim.

(WPI 330.01.)

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ❖124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

1

## INSTRUCTION NO. 27

As to the Plaintiff's state employment discrimination claim, "substantial factor" means a significant motivating factor in bringing about the employer's decision. "Substantial factor" does not mean the only factor or the main factor in the challenged act or decision.

(WPI 330.01.01.)

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ❖124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

1

**INSTRUCTION NO. 28**

2

To prevail on a claim of employment discrimination under the Washington

3

Law Against Discrimination the Plaintiff must prove intentional discrimination on

4

the part of the Defendant.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

(*Hegwine v. Longview Fibre Co., Inc.,* 162 Wn.2d 340, 356, 172 P.3d 688 (2007).

24

T:\WPWIN\North Central ESD\Zhu v North Central ESD #171 (USIP)\Pleadings - Misc\370534.doc
DEFENDANT'S PROPOSED JURY INSTRUCTIONS
Page 32 of 41

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ❖124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

**INSTRUCTION NO. 29**

The Plaintiff brings his "blacklisting" claim under the state statute, RCW 49.44.010, which provides that it is unlawful for any person to "willfully and maliciously 'blacklist' or cause to be 'blacklisted' any person . . . by writing, printing or publishing, or causing the same to be done . . . for the purpose of preventing such person from securing employment, or [for any person to] . . . willfully and maliciously make or issue any statement or paper that will tend to influence or prejudice the mind of any employer against the person of such person seeking employment . . . ."

(RCW 49.44.010.)

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ✥124 3ʳᵈ Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

# INSTRUCTION NO. 30

As to the Plaintiff's "blacklisting" claim, the Plaintiff must prove by a preponderance of the evidence that the Defendant willfully and maliciously circulated the Plaintiff's name to prospective employers for the purpose of preventing the Plaintiff from securing employment.

(*Banks v. Yoke's Foods, Inc.,* 2014 WL 7177856, *8 (E.D.Wash. 2014) (Rice, J.);

*Alvarez v. Target Corp.,* 2013 WL 4734123, *5 (E.D.Wash. 2013) (Rice, J.);

*Cooper v. Univ. of Wash.,* 2007 WL 3356809, *8 (W.D.Wash. 2007) (Lasnik, J.).)

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ❖124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

# INSTRUCTION NO. 31

As to the Plaintiff's "blacklisting" claim, the Plaintiff must prove by a preponderance of the evidence that the Defendant's willful and malicious circulation of negative information about the Plaintiff to prospective employers was a proximate cause of the Plaintiff failing to secure employment from prospective employers.

(Based upon the proximate cause instruction: WPI 15.01.)

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ✥ 124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

## INSTRUCTION NO. 32

The term "proximate cause" means a cause which in a direct sequence produces the injury complained of and without which such injury would not have happened.

(WPI 15.01.)

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ✧124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

1

**INSTRUCTION NO. 33**

2

3    Plaintiff brings his public records claim under the state statute, RCW Ch.

4    42.56.070, which provides that a public entity "shall make available for public

5    inspection and copying all public records, unless the record falls within . . . [a]

6    specific exemption . . . or other statute which exempts or prohibits disclosure of

7    specific information or records."

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23    (RCW 42.56.070.)

24

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ❖124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

**INSTRUCTION NO. 34**

The adequacy of a search for public records is judged by a standard of reasonableness, that is, the search must be reasonably calculated to uncover all relevant documents.  A search need not be perfect, only adequate.

(*Neighborhood Alliance of Spokane County v. County of Spokane,* 172 Wn.2d 702, 719, 261 P.3d 119 (2011).)

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ❖124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

1

**INSTRUCTION NO. 35**

2

A requester of public records must reasonably describe the records sought.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

(*Neighborhood Alliance of Spokane County v. County of Spokane,* 172 Wn.2d 702,

21

719, 261 P.3d 119 (2011) ("the adequacy of a search for records under the PRA is

22

the same as exists under FOIA"); *Conservation Force v. Ashe,* 979 F.Supp.2d 90,

23

97 (D.D.C. 2013), *citing* 5 U.S.C. § 552(a) (3)(A)(I).).

24

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ✥124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

# SPECIAL VERDICT FORM

The Defendant's proposed special verdict form will be submitted separately.

### ###

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ❖124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

# CERTIFICATE OF SERVICE

I certify that on this date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to:

Matthew Z. Crotty, attorney for Plaintiff
matt@crottyandson.com

Michael B. Love, attorney for Plaintiff
mike@michaellovelaw.com

DATED this 1st day of August, 2016 at Ephrata, WA.

JERRY MOBERG & ASSOCIATES, P.S.

*s/ Jerry J. Moberg*
JERRY J. MOBERG, WSBA No. 5282
Attorneys for Defendant

T:\WPWIN\North Central ESD\Zhu v North Central ESD #171 (USIP)\Pleadings - Misc\370534.doc
DEFENDANT'S PROPOSED JURY INSTRUCTIONS
Page 41 of 41

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ❖124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202